# First National Bank of Easton, Appellant, *v.* Ætna Casualty & Surety Co.

*Principal and surety—Bond of employee—Change of employment—Bank—Note clerk—Cashier.*

1. Where a surety company insures a bank against any loss to the amount of $5,000 resulting from the "dishonesty" or "bad faith" of a note clerk, and this contract continues for five years, when the note clerk is promoted to be the cashier of the bank, and the bond is increased to $20,000, the bank cannot hold the surety company liable on the increased bond for a loss resulting from the employee's dishonesty while he was note clerk.

2. In such case, the fact that the employee during his employment as "cashier" concealed his embezzlement as "note clerk," by forging notes and placing them with the genuine notes of the

bank, will not make the surety company liable for the amount for which it bonded him as cashier.

Argued May 3, 1920. Appeal, No. 47, Jan. T., 1920, by plaintiff, from judgment of C. P. Northampton Co., June T., 1918, No. 116, for plaintiff on case tried by court without a jury, in suit of First Nat. Bank of Easton v. Ætna Casualty & Surety Co. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling and Simpson, JJ. Affirmed.

Assumpsit on a bond of suretyship. Before Stewart, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff for $5,350. Plaintiff appealed.

*Errors assigned* were, among others, (5) (6) conclusions of law by the court, quoted in the opinion of the Supreme Court, quoting them; (7) (8) judgment for plaintiff, quoting record.

*Robert A. Stotz,* with him *H. J. Steele,* for appellant, cited: Young v. American Bonding Co., 228 Pa. 373; Brown v. Title Guaranty & Surety Co., 232 Pa. 337.

*Edward J. & James W. Fox,* for appellee, were not heard.

Per Curiam, May 26, 1920:

William P. Horn, while serving as note clerk for the First National Bank of Easton, embezzled $39,081.73 of its funds. His embezzlements were committed in 1912, 1913, 1914, 1915 and 1916, when he was under bond in the sum of $5,000, with the appellee as his surety. After his last embezzlement he was elected cashier of the bank and his bond was increased to $20,-000, with the same surety. As cashier he embezzled no

moneys and caused no loss to the bank by "dishonesty" or "bad faith," but in this action it seeks to hold the surety liable on the increased bond, covering only his cashiership, for the losses it sustained by his embezzlement as note teller. This it cannot do, and the correct conclusions of the learned court below were: "First. Under the provisions of the bond in suit and the renewals of the same, the defendant company is not liable for more than $5,000 and interest. Second. The dishonesty of William P. Horn, for which the defendant is liable, occurred during his employment as 'note clerk,' and the fact that during his employment as 'cashier,' he concealed his embezzlement by forging notes and placing them with the genuine notes of the bank, will not make the defendant liable for the amount for which it had bonded him as cashier."

Judgment affirmed.